FILED
CLERK
2:44 pm, Sep 13, 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SANITEQ, LLC,

                      Plaintiff,

      -against-

GE INFRASTRUCTURE SENSING, INC.,

                      Defendant.
------------------------------------------------------------------------X

**ORDER**
17-CV-771 (SJF)(ARL)

FEUERSTEIN, District Judge:

      Pending before the Court are: (i) the objections of defendant GE Infrastructure Sensing, Inc. ("defendant") to so much of the Report and Recommendation of the Honorable Arlene R. Lindsay, United States Magistrate Judge, dated July 12, 2018 ("the Report"), as recommends denying the branch of its motion seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure dismissing the third cause of action asserted against it in the complaint by plaintiff Saniteq, LLC ("plaintiff"), alleging that defendant breached the parties' nondisclosure agreement ("NDA"), with respect to defendant's purported failure to return all confidential information to plaintiff; and (ii) plaintiff's objections, *inter alia*, to so much of the Report as recommends granting the branches of defendant's motion seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure dismissing plaintiff's misappropriation of trade secret claims (first and second causes of action), claim for breach of the NDA (third cause of action) based upon defendant's alleged misappropriation of plaintiff's confidential information for its own use and failure to inform plaintiff of its decision not to proceed with a transaction, claim for breach of a purported Lamb Wave Development and Distribution Agreement ("LWDD Agreement") (fourth cause of action), fraud and intentional

1

misrepresentation claims (eighth and ninth causes of action, respectively) and tortious interference claim (tenth cause of action). For the reasons set forth herein, so much of Magistrate Judge Lindsay's Report as recommends denying the branch of defendant's motion seeking summary judgment dismissing plaintiff's third cause of action for breach of the NDA based upon defendant's alleged failure to return all confidential information to plaintiff is rejected and the Report is otherwise accepted in its entirety.

I. Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo. See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). However, to accept the report and recommendation of a magistrate judge to which no specific, timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. *See* Fed. R. Civ. P. 72(b); *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000) (a court may review a report to which no timely objection has been interposed to determine whether the magistrate judge committed "plain error.") Moreover, a district court generally will not consider new arguments or evidence "raised for the first time in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate

but were not."[1]  *Charlot v. Ecolab, Inc.*, 97 F. Supp. 3d 40, 51 (E.D.N.Y. 2015) (citing cases); *see also Fischer v. Forrest*, 286 F. Supp. 3d 590, 603, 605 (S.D.N.Y. 2018) ("[C]ourts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation. . . . The submission of new evidence following such a Report is merited only in rare cases, where the party objecting to a Report has offered a most compelling reason for the late production of such evidence, . . . or a compelling justification for its failure to present such evidence to the magistrate judge. . . . A proceeding before a magistrate judge is not a meaningless dress rehearsal." (quotations, alterations and citations omitted)); *Santiago v. City of New York*, No. 15-cv-517, 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 27, 2016), *aff'd*, 697 F. App'x 36 (2d Cir. Sept. 6, 2017) ("[C]ourts ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance." (quotations and citation omitted)).

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[1]  Although the Court may have discretion to consider arguments or evidence not previously or properly presented to the magistrate judge in connection with a report and recommendation, *see Levy v. Young Adult Inst., Inc.*, 103 F. Supp. 3d 426, 433 (S.D.N.Y. 2015), the Court declines to do so here, particularly since, *inter alia*, plaintiff proffers no explanation for its failure to present such evidence or arguments before Magistrate Judge Lindsay in the first instance; does not identify any intervening case or statute that has changed the state of the law with respect to its claims; no manifest injustice will result; and issues of efficiency and fairness militate against consideration of the new evidence and arguments which could have, and should have, been raised in the first instance in plaintiff's opposition to defendant's motion for consideration by the magistrate judge.  *See generally Id.* at 433-34.

II. Objections

    A. Defendant's Objections

Defendant contends, *inter alia*, that Magistrate Judge Lindsay erred in denying the branch of its motion seeking summary judgment dismissing plaintiff's third cause of action for breach of the NDA "solely on the narrow ground that, upon the conclusion of the parties' negotiations, [defendant] failed to either return or destroy a certain document that [plaintiff] had designated as 'Confidential' under the NDA[,]" (Defendant's Partial Objection to Report and Recommendation ["Def. Obj."], at 1), absent any evidence that defendant ever used or disclosed such confidential information, or that plaintiff suffered any actual damages as a result of the alleged breach; and because such information "was voluntarily placed into the public domain by [plaintiff] as part of two U.S. patent applications . . . ." (*Id.* at 2). According to defendant, since plaintiff chose to make the allegedly confidential information public, *i.e.*, by including such information as part of its patent applications which were published by the United States Patent Office on June 11, 2015 and March 17, 2016, respectively, thereby rendering the NDA "inoperative" as to such information pursuant to its terms, defendant "cannot be adjudged to be in breach of the NDA based on its failure to return or destroy the document containing such public information." (*Id.* at 3). Plaintiff did not file any response to defendant's objections in accordance with Rule 72(b)(2) of the Federal Rules of Civil Procedure.[2]

---

2 On July 25, 2018, the eve of the deadline for filing objections to the Report, plaintiff's counsel filed a motion to withdraw as counsel and plaintiff's principal, Joseph Baumoel, filed a purported "pro se" application for an extension of time to file objections to the Report. However, Section 1654 of Title 28 of the United States Code governs appearances in federal court and allows only two (2) types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself." *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quotations and citation omitted). "The statute does not permit

4

With respect to plaintiff's claim that defendant breached the NDA by failing to return allegedly confidential information to it pursuant to the terms of the NDA, the Report indicates, in relevant part:

> "Defendant does not dispute Plaintiff's contention that it has failed to return documents designated confidential, rather argues that those documents should no longer be considered confidential because the patents are now part of the public record. The terms of the NDA are clear: upon any other termination of this Agreement, 'the Receiving Party will immediately (i) return all Confidential Information disclosed to it; and (ii) will destroy . . . all Notes.' [citation omitted]. Defendant has not returned the confidential documents, thereby breaching the agreement, leaving only the question of damages."

(Report at 23).

However, that analysis fails to address the preceding paragraph of the NDA, *i.e.*, paragraph two (2), which provides, in pertinent part: "This Agreement shall be inoperative as to particular portions of the Confidential Information disclosed by the Disclosing Party [plaintiff] if such information: (i) is or becomes generally available to the public other than as a result of disclosure by the Receiving Party [defendant], its Affiliates or its or their Representatives . . . ."

---

unlicensed laymen to represent anyone else other than themselves." *Id.* (quotations and citation omitted); *accord Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010). Since "[t]his rationale applies equally to all artificial entities[,]" *Lattanzio*, 481 F.3d at 139 (quoting *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Coun.*, 506 U.S. 194, 202, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993)), Baumoel, a layperson, may not represent plaintiff, a limited liability company, in this Court. *See, e.g. Id.* at 139-40; *Berrios v. New York City Housing Auth.*, 564 F.3d 130, 133 (2d Cir. 2009).

Defendant served and filed its objections to the Report one (1) day later, *i.e.*, on July 26, 2018. Thus, plaintiff had until August 9, 2018 to file a response thereto pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure. During a telephone conference held before this Court on July 31, 2018, *i.e.*, nine (9) days before the deadline to file a response to defendant's objections expired, the motion of plaintiff's counsel to withdraw was denied and the deadline for plaintiff to file objections to the Report was extended to August 15, 2018. Plaintiff never filed a response to defendant's objections, nor sought an extension of time to do so.

(DA 330). The admissible evidence in the record demonstrates, *inter alia*, (i) that the only document plaintiff designated as "confidential" under the NDA was a PowerPoint presentation, including certain drawings and diagrams, concerning two (2) claimed inventions, *i.e.*, the conic beam ultrasonic flowmeter and the phase controlled variable angle ultrasonic flowmeter, (*see* DA 61-62, 80-88, 91, 129, 141A, 334-354, 378-379); (ii) that those materials were included as part of plaintiff's patent applications with respect to the two (2) claimed inventions, (DA 698-724 and DA 749-771); and (3) that the two (2) patent applications were published by the United States Patent Office on June 11, 2015 (the phase controlled variable angle ultrasonic flowmeter) and March 17, 2016 (the conic beam ultrasonic flowmeter), respectively, and thereby entered into the public domain, (DA 41, 69-75, 670-696, 726-747). Since the record evidence demonstrates that the information contained in the PowerPoint presentation, *i.e.*, the only information designated as "confidential" under the NDA, was or became "generally available to the public" other than as a result of any use or disclosure by defendant, the NDA, by its express terms, was inoperative with respect to such information and, thus, defendant did not breach the NDA by failing to return such information to plaintiff. Accordingly, so much of the Report as recommends denying the branch of defendant's motion seeking summary judgment dismissing plaintiff's third cause of action for breach of the NDA based upon defendant's failure to return the allegedly confidential information is rejected; that branch of defendant's motion is granted; and defendant is granted judgment as a matter of law dismissing plaintiff's third cause of action for breach of the NDA based upon defendant's failure to return the allegedly confidential information with prejudice.

B.  Plaintiff's Objections

Plaintiff contends, *inter alia*, that Magistrate Judge Lindsay erred in (i) "overlook[ing]" or "misinterpret[ing]" disputed facts, (Plaintiff's Objections to Report and Recommendation ["Plf. Obj."] at 1, 2 and 14), including whether Dennis Diorio ("Diorio") was an "independent contractor" or "an equity sharing member of [plaintiff]," (*id.* at 3, 15), whether defendant had access to the Center of Energy trade secret on Diorio's laptop computer, (*see id.* at 6), whether plaintiff gave the Center of Energy trade secret to defendant voluntarily under the NDA, (*see id.* at 7), and whether Diorio was "poached" from plaintiff by defendant, (*id.* at 8 and 11); (ii) in determining that "a short, out of context, email" that plaintiff sent to defendant in mid-June 2015 simply to advise defendant that its "staff was pressing to move on with [its] own product development programs,"[3] (*id.* at 4), "was tantamount to a Termination of relations with [defendant]," (*id.* at 4; *see also id.* at 9); (iii) in "disclaim[ing]" plaintiff's claim of tortious interference in light of evidence that defendant caused Diorio to breach his contract with plaintiff, (*see id.* at 5-6, 13-14); (iv) in recommending that summary judgment should be granted dismissing plaintiff's first and second causes of action for misappropriation of trade secrets under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836(b), *et seq.*, and common law, respectively, (*see id.* at 6-8); (v) in recommending that summary judgment should be granted dismissing plaintiff's claim for breach of the NDA based upon defendant's purported misappropriation of plaintiff's confidential information for its own use and alleged failure to

---

3 According to plaintiff, its "advice to [defendant in the June 2015 email] about moving on was never meant as a Termination notice, but [was] simply a negotiation tactic," (Plf. Obj. at 5), and a means "to make [defendant] aware of [plaintiff's] frustration with the delay in finalizing the Agreement." (*Id.* at 9).

7

inform plaintiff of its decision not to proceed with a transaction, (*see id.*. at 8-9); (vi) in recommending that summary judgment should be granted dismissing plaintiff's breach of contract claim based upon the alleged LWDD Agreement because a "[a] contract did exist," insofar as "[t]here were no open terms on the original [LWDD] Agreement, and a 'meeting of the minds' had been reached on all basic terms . . ." (*id.* at 9-10; *see also id.* at 15); (vii) in recommending that summary judgment should be granted dismissing plaintiff's fraud and intentional misrepresentation claim because "[e]xhibits show that . . . [defendant] poached Diorio by fraudulently inducing [plaintiff] to believe that they [sic] had made a sincere offer of a consultancy to [plaintiff], while [it] had already secretly and duplicitously contracted Diorio for the same consultation[,]" (*id.* at 11); and (viii) in accepting Diorio's claim that he did not share plaintiff's trade secrets with defendant. (*See Id.* at 13).

Upon *de novo* review of the Report and all motion papers, and consideration of plaintiff's objections to the Report and defendant's response thereto, plaintiff's objections are overruled and the Report is accepted in its entirety. "To defeat summary judgment [] non-moving parties must do more than simply show that there is some metaphysical doubt as to the material facts and they may not rely on conclusory allegations or unsubstantiated speculation." *Bermudez v. City of New York*, 790 F.3d 368, 373-74 (2d Cir. 2015) (quotations, alterations and citation omitted)); *see also Flores v. United States*, 885 F.3d 119, 122 (2d Cir. 2018) ("[C]onclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment."); *DiStiso v. Cook*, 691 F.3d 226, 230 (2d Cir. 2012) ("A court cannot credit a plaintiff's merely speculative or conclusory assertions.") Since no rational trier of fact could find in favor of plaintiff on any of its claims against defendant based upon the admissible evidence in the record,

8

there is no genuine issue for trial and defendant is entitled to judgment as a matter of law. *See generally Ricci v. DeStefano*, 557 U.S. 557, 586, 129 S. Ct. 2658, 2677, 174 L. Ed. 2d 490 (2009); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Accordingly, for the reasons set forth in the Report, the branches of defendant's motion seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure dismissing plaintiff's claims for misappropriation of trade secrets under the DTSA and common law (first and second causes of action, respectively), breach of the NDA (third cause of action) based upon defendant's alleged misappropriation of plaintiff's confidential information for its own use and failure to inform plaintiff of its decision not to proceed with a transaction; breach of the purported LWDD Agreement (fourth cause of action), fraud and misrepresentation (eighth and ninth causes of action, respectively) and tortious interference (tenth cause of action) are granted and defendant is granted judgment as a matter of law dismissing those claims against it in their entirety with prejudice.[4]

III. Remainder of Report

While plaintiff contends that defendant's motion for summary judgment "should be denied in its entirety," (Plf. Obj. at 15), it does not present any specific objections to so much of the Report as recommends that summary judgment be granted dismissing its claims for unjust enrichment (fifth cause of action), quantum meruit (sixth cause of action), promissory estoppel (seventh cause of action) and common law unfair competition (eleventh cause of action). There being no clear error on the face of the Report with respect to any of Magistrate Judge Lindsay's

---

4 In light of this determination, it is unnecessary to consider the parties' remaining contentions.

findings, conclusions and recommendations to which no specific objections have been made, the Court accepts those findings, conclusions and recommendations in their entirety. *See, e.g. United States Underwriters Ins. Co. v. ITG Dev. Grp., LLC*, 294 F. Supp. 3d 18, 23 (E.D.N.Y. 2018) ("The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record."); *Mayes v. Summit Ent'mt Corp.*, 287 F. Supp. 3d 200, 203 (E.D.N.Y. 2018) ("In reviewing an R & R from a magistrate judge regarding a dispositive motion, the district court may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." (quotations and citation omitted)). Accordingly, for the reasons set forth in the Report, the branches of defendant's motion seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure dismissing plaintiff's claims for unjust enrichment (fifth cause of action), quantum meruit (sixth cause of action), promissory estoppel (seventh cause of action) and unfair competition (eleventh cause of action) are granted and defendant is granted judgment as a matter of law dismissing those claims against it in their entirety with prejudice.

IV. Conclusion

  For the reasons set forth above, (i) so much of the Report as recommends denying the branch of defendant's motion seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure dismissing plaintiff's third cause of action for breach of the NDA based upon defendant's alleged failure to return purportedly confidential information to plaintiff is rejected, that branch of defendant's motion is granted and defendant is granted judgment as a

matter of law dismissing plaintiff's third cause of action for breach of the NDA based upon defendant's alleged failure to return purportedly confidential information to plaintiff in its entirety with prejudice; and (ii) the Report is otherwise accepted in its entirety and, for the reasons set forth therein, the branches of defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure seeking dismissal of plaintiff's remaining claims against it are granted and defendant is granted judgment as a matter of law dismissing plaintiff's remaining claims against it in their entirety with prejudice. The Clerk of the Court shall enter judgment in favor of defendant in accordance with this order and close this case.

SO ORDERED.

_____/s/_____
Sandra J. Feuerstein
United States District Judge

Dated: September 13, 2018
 Central Islip, New York